UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
            - v. -
:
RULESS PIERRE,
:
            Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE/
MONEY JUDGMENT

S1 19 Cr. 783 (SHS)

WHEREAS, on or about January 19, 2021, RULESS PIERRE (the "Defendant"), was charged in a four-count Superseding Indictment, S1 19 Cr. 783 (SHS) (the "Indictment"), with securities fraud, in violation of Title 15, United States Code, Section 78j(b) &78 ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts One and Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); and structuring, in violation of Title 31, United States Code, Sections 5324(a), 5313(a), and 5325, and Title 18, United States Code, Section 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment that the Defendant personally obtained;

WHEREAS, the Indictment also included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 31, United States Code,

Section 5317(c)(1), of any and all property, real and personal, involved in the offense charged in Count Four of the Indictment, and any property traceable thereto, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Four of the Indictment;

WHEREAS, on or about May 27, 2021, the Defendant was found guilty following a jury trial, of Counts One through Four of the Indictment;

WHEREAS, the Government asserts that $3,379,783.91 in United States currency represents proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, and $322,110 in United States currency, represents proceeds traceable to the commission of the offense charged in Count Three of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $3,701,893.91 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of which $3,379,783.91 in United States currency represents the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, and $322,110 in United States currency represents proceeds traceable to the commission of the offense charged in Count Three of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $3,701,893.91 in United States currency (the "Money Judgment"), of which $3,379,783.91 in United States currency represents the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment that the Defendant personally obtained, and $322,110 in United States currency represents proceeds traceable to the commission of the offense charged in Count Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant RULESS PIERRE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. Upon entry of this Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to

deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

May 23, 2022
DATE